■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE PIZARRO, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered April 21, 1961 after a jury trial, convicting him of assault in the first degree and carrying and using a dangerous weapon, and imposing concurrent sentences. Judgment affirmed. In our opinion, the voluntary and unsolicited admissions of guilt, three and one-half months after indictment, made by the defendant to the detective when defendant on his own initiative asked to see the detective and inquired whether it was possible to work out a "deal" did not constitute the interrogation by law enforcement officers which "triggers the right to assistance of counsel" or the right to be informed of defendant's privilege against self incrimination. Under such circumstances, testimony of the conversation was properly admitted (cf. *United States ex rel. Morrison* v. *La Vallee*, 319 F. 2d 37). We are also of the opinion: (1) that the error of the trial court in refusing permission to defendant's counsel to examine the Grand Jury testimony of several of the witnesses for the People was harm-

less (*People* v. *Velez*, 18 A D 2d 1137); and (2) that the trial court properly charged that the statement of Raquel Pizarro went only to his credibility and was not affirmative evidence against the defendant. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.